IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   NOV 12 2003
BROOKLYN OFFICE

|  |  |
|---|---|
| RICHARD POE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs | ) |
|  | ) |
| BLAKE SCHIAFONE and | ) |
| GREG RICKS, | ) |
|  | ) |
| Defendants. | ) |

**COMPLAINT**

(Jury Trial Demanded )

**CV-** CV **03  5692**

TRAGER, J.

AZRACK, J.

Plaintiff Richard Poe by and through his attorneys, The Martinez Group PLLC, for his complaint against Defendants Blake Schiafone and Greg Ricks alleges as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.   Plaintiff files this action against Defendants for trademark infringement, trademark dilution and false designation under the Lanham Act, 15 U.S.C. § 1114, 15 U.S.C. §§ 1116-1118, including under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125.

2.   This action is brought in response to a classic case of Cybersquatting. The Anticybersquatting Consumer Protection Act was specifically enacted to provide a remedy to trademark owners who are the victims of such actions.

3.   The Anticybersquatting Consumer Protection Act, now codified at 15 U.S.C. § 1125 (d), provides in pertinent part:

> (d)(1)(A) A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person –
>
> (i)   has a bad faith intent to profit from that mark, including a personal name. . .; and

    (ii)  registers, traffics in, or uses a domain name that --

> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

4.      On or about April 25, 2002, Defendant Blake Schiafone registered an Internet domain name that incorporates Plaintiff's trademark and name, a copy of which is annexed hereto as Exhibit A. After registering the domain name, Defendant Blake Schiafone, upon information and belief, began soliciting the sale of the domain name to third parties, including the actual solicitation of Plaintiff. A true and accurate copy of Defendant's electronic mail solicitation of Plaintiff is annexed hereto as Exhibit B.

5.      On or about the same date, April 25, 2002 Defendant Greg Ricks obtained control of POE.COM, and he is now the registered contact for POE.COM. A true and accurate copy of the current POE.COM Whois[1] record is annexed hereto as Exhibit C.

6.      In bringing this lawsuit, Plaintiff seeks an order compelling the transfer of the domain to the Plaintiff, a preliminary and permanent injunction preventing the Defendants from using the Domain name POE.COM or any confusing variation thereof and statutory damages under the Lanham Act in the amount of $100,000, restitution, damages, treble damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under federal law including United States trademark laws, 15 U.S.C. § 1051, *et seq.*

---

[1]    The Whois database is a compilation of listings of the ownership, contact information and server identification information related to registered domain names. Every domain name registrar attempts to maintain a whois database.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) (b) because the
Defendants Blake Schiafone is an individual residing in the State of Florida who, via electronic
mail, directly solicited Plaintiff in New York and this District and Gregg Ricks is an individual
who, upon information and belief, is operating a business entitled "Motherboards.com" in the
State of Texas that holds itself out as, "your best source for name brand motherboards and high
quality PC upgrade parts... ." Defendant Ricks offers computer support services, in the nature of,
*inter alia*, personal computer motherboards (main computer processing boards), memory chips,
computer power supplies, computer cases and many other related supplies, each of which are
offered and sold, on a fully-interactive basis, to consumers including, upon information and
belief, consumers residing in the State of New York and within the jurisdiction of this District.
In addition, the injury to Plaintiff arose, in the State of New York and within the jurisdiction of
this District.  Plaintiff's significant prior use of the term POE and application to federally register
the trademarks, POE and RICHARD POE, were each publicly and easily accessible within the
on-line database of the U.S. Patent and Trademark Office.  Such public notice is intended to
advise others of the preexisting rights of other trademark owners.  In view thereof, Defendant's
actions were willful and the Defendants should have reasonably expected that the acts
complained of herein would have adverse consequences in New York and elsewhere with regard
to Plaintiff's valuable trademark rights.

9.      Upon information and belief, Defendant Blake Schiafone offered to sell the domain name
that is the subject of this lawsuit to third parties including directly to Plaintiff Richard Poe by
electronic mail correspondence sent to Plaintiff in New York and this District (See Exhibit B).

10.     Upon information and belief, Defendant Greg Ricks as the owner of motherboards.com is
the registrant contact and administrative contact for POE.COM as evidenced by the whois
records maintained by Network Solutions (See Exhibit C).

11.     Defendant Ricks has caused the Domain Name POE.COM to be associated with Internet
advertising offering goods and services in the nature of, inter alia, vitamins, diet pills, debt
consolidation, credit reports, flowers, insurance, lending services, real estate and satellite TV,
among many others.  A copy of Defendant Ricks' use of the POE.COM domain is annexed
hereto as Exhibit D.  Defendant Greg Ricks is, upon information and belief registrant contact for
motherboards.com, the current owner of POE.COM and, upon information and belief, is actively
doing business over the Internet.

-3-

12.     As demonstrated below, an actual case and controversy exists within the jurisdiction of this Court, and pursuant to 28 U.S.C. § 2201, this Court is hereby authorized to grant all of the declaratory relief sought herein.

## THE PARTIES

13.     Plaintiff Richard Poe is New York resident with a residence at 18-24 21st Road, Astoria, New York 11105.

14.     Defendant Blake Schiafone is believed to be the registrant for the domain name POE.COM residing at 5110 Harborage Drive, Fort Myers, Florida 33908.

15.     Upon information and belief, Defendant Greg Ricks acquired control of the domain name POE.COM, and is now the registered contact for the domain name.

16.     Upon information and belief, Defendant Greg Ricks has his principal place of business at 4980 Dilly Shaw Tap Road, Bryan, Texas 77808.

## FACTS COMMON TO ALL CLAIMS
### Plaintiff's Trademarks

17.     In 1979, Plaintiff Poe first used the Marks RICHARD POE and POE in commerce in connection with writing for others in the nature of cyber-journalism, books, fiction, magazine and newspaper articles related to business, marketing, politics, culture, history, social commentary, religion and self-improvement.

18.     On May 24, 2002, Plaintiff applied to register the trademarks RICHARD POE and POE on the Primary Register of the United States Patent and Trademark Office. On April 15, 2003 the U.S. Patent and Trademark Office granted Plaintiff the service marks RICHARD POE, and POE, U.S. Trademark Registration Numbers 2,707,214 and, 2,707,215, respectively. True and accurate copies of Plaintiff's U.S. Patent and Trademark Office Certificates of Registration are annexed hereto as Exhibits E and F, respectively.

19.     Plaintiff has continuously used his Trademarks in connection with the promotion,

-4-

advertising, and sale of Plaintiff's services since well before the acts of Defendant complained of herein.

20.     Plaintiff has expended significant sums of money and has exerted significant effort in advertising, promoting, and developing the Plaintiff's Trademarks throughout the world. As a result of such advertising and expenditures, Plaintiff has established considerable goodwill in the Trademarks. Plaintiff's marks have become widely known and recognized throughout the world as symbols of serious reporting, social and political commentary and high quality writing.

21.     Plaintiff's Trademarks are world-famous and distinctive, and have become associated in the United States and in many other countries around the world by consumers of such products as being associated exclusively with Plaintiff. Plaintiff has experienced substantial success including the listing of a work on *The New York Times* "bestseller" list.

22.     Plaintiff's works are available on the Internet from various sources and Plaintiff's works have been translated into numerous other languages and have been and continue to be sold around the world.

23.     Plaintiff's Trademarks, and the goodwill associated with the Plaintiff's Trademarks, are invaluable assets of substantial and inestimable value to Plaintiff.

## The Internet and Domain Name Registration

24.     The Internet is divided into several "top level" domains, such as ".com," ".net," and ".org." Domain names with the ".com," ".net," and ".org." designations can be registered with Verisign, Inc. ("Verisign") or other domain name registrars for a de minimis fee. Verisign and the other registrars register domain names on a first-come, first-serve basis. Verisign and the other registrars do not make a threshold determination regarding a registrant's right to use a domain name, other than to insure that no two domain names are identical.

25.     As an express condition of registering a domain name, an applicant must represent and warrant that: (1) the applicant's statements are true; (2) the applicant has the right to use the requested domain name; (3) the use or registration of the domain name does not interfere with the rights of any third party in any jurisdiction with respect to trademark, service mark, trade

-5-

name, company name, or any other intellectual property rights; and (4) the applicant is not seeking to use the domain name for any unlawful purpose, including unfair competition.

26.     The public recognizes and often relies on the expectation that a company's corporate or product names can be found by incorporating such names into a company's domain names for web site addresses. Internet users typically type in the name of a company, the company's trademark, or the company's products to find information on that company. A domain name incorporating a famous trademark or a company's products is therefore a valuable asset that allows potential customers and other Internet users interested in a domain name owner to communicate with or learn more about that domain name owner. Therefore, a domain name misappropriating the trademark of another entity creates the potential for substantial dilution, blurring, tarnishment, and consumer confusion, because an Internet user reasonably may assume that the domain name is sponsored by, affiliated with, or somehow approved by the owner of the corporate name or trademark.

27.     Internet users can choose among several different ways to access certain information on domain name registrations. Verisign and other domain registrars maintain a "Whois" directory on the Internet that contains data such as the registrant of the domain name along with a purported mailing address and other contact information. Several paid subscription databases such as the Thompson & Thompson "Saegis" service also include information on domain name registrations derived from, among others, Network Solutions Inc.'s ("NSI's") directory, as do other individuals and companies who offer this information on their web sites. Internet users frequently access one or more of these sources to determine whether a given domain name is already registered or is still available, to determine who owns a given domain name, to obtain information on how to contact a particular company, or to see whether variations of a specific domain name are registered.

28.     Domain names may be unlawfully registered by "cyberpirates" or "cybersquatters" who register the domain names (1) intending to sell the domain names back to the famous trademark holder; (2) to sell the domain names to other persons or entities who are not authorized to use the trademarks; (3) to use the domain names to divert Internet users seeking a lawful trademark owner's site to an unrelated web site, thereby creating public confusion; (4) to use the domain names for some other unlawful or improper purpose such as for pornographic web sites; and/or (5) to otherwise profit from the goodwill of a famous trademark. Moreover, the domain name

Case 1:03-cv-05692-DGT-JMA   Document 1   Filed 11/12/03   Page 7 of 16 PageID #: 7

registration information alone, even without any use of a particular web site, may create public confusion and dilute the strength of a famous trademark. For example, an Internet user may attempt to locate a company by conducting reverse searches using any of the many databases providing information about the registrant of Internet domain names. An Internet user using such a database may not be able to locate Plaintiff if the user locates the domain name registrations for the unauthorized domain names containing Plaintiff's Trademarks, and such registrations are registered to different entities with no connection to or affiliation with Plaintiff. Internet names that are registered by cyberpirates and that use the Plaintiff's Trademarks diminish the distinctiveness of the Plaintiff's Trademarks, and users finding the domain names through the various databases may mistakenly believe that Domain name is affiliated with, or connected to Plaintiff. In addition, an Internet user may discover that domain name incorporating Plaintiff's Trademarks have been registered and believe that the domain names are somehow associated with Plaintiff.

Defendant's Cyberpiracy

29.     The defendants are quintessential cyberpirates who have registered and trafficked in the domain name of a well known trademark holder in order to capitalize on, and profit from, the goodwill and reputation of Plaintiff's trademarks.

30.     Defendants are not in any way affiliated or associated with Plaintiff and have not received permission from and are not otherwise licensed by the Plaintiff to use the Federally registered trademarks POE or RICHARD POE and thus, have absolutely no right to use the Plaintiff's Trademarks.

31.     The Defendants have an obvious intent to profit from the goodwill and reputation of these famous trademarks through their registration and trafficking in the above-referenced domain name. The pirated domain name's ability to direct Internet traffic is, upon information and belief, derived entirely from the goodwill associated with Plaintiff's Trademarks.

32.     Defendants' registration, trafficking in, and attempts to profit from the sale of the pirated domain name, POE.COM, constitute cyberpiracy and tarnish Plaintiff's reputation as well as the goodwill associated with the Plaintiff's trademarks. The registration of the domain name, even without an operational web site, places an intolerable burden on the Plaintiff, who must

-7-

continuously monitor domain names to determine whether the domain name is being used for hard-core pornographic purposes, to sell suspect or counterfeit products or services that tarnish, blur or otherwise diminish the distinctiveness of Plaintiff's trademarks, or is otherwise being used in an unauthorized and unlawful manner.

33.      By registering the pirated domain name, Defendants have prevented Plaintiff from using the domain name to link to Plaintiff's own web site or for otherwise legitimate business purposes.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

34.      Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.      Plaintiff Richard Poe has the sole right to use the term POE and RICHARD POE in commerce. Plaintiff used the terms POE and RICHARD POE in commerce long before any of the Defendants identified herein.

36.      Defendant Blake Schiafone has failed to develop any secondary meaning with respect to the use and domain name registration of the term POE.COM.

37.      Defendant Greg Ricks has failed to develop any secondary meaning with respect to his use and domain name registration of the term POE.COM.

38.      Plaintiff has been using the term POE since November, 1979. In contrast, Defendants Ricks and Schiafone have little or no prior use and no prior valid trademark or service mark that incorporates either the term POE or RICHARD POE.

39.      Plaintiff has been using the term RICHARD POE in interstate commerce, since November of 1979. In contrast, Defendant Ricks' use of the domain name POE.COM is confusingly similar to Plaintiff's marks and misrepresents the nature, characteristics and qualities of the services Plaintiff offers in connection with his marks.

-8-

40. By reason of the foregoing, Plaintiff Poe seeks a declaration that:

    a.   Plaintiff has a superior right to and is the rightful owner of the terms POE and RICHARD POE;

    c.   Defendant Blake Schiafone has failed to develop any secondary meaning for the term POE or POE.COM;

    d.   Defendant Greg Ricks has failed to develop any secondary meaning for the term POE or POE.COM;

    e.   Defendants Schiafone and Ricks' use of the term POE or POE.COM creates confusion in the public's mind with respect to the business or service marks of Plaintiff; and

    f.   any other relief protecting Plaintiff's marks and preventing further infringement or dilution by either defendant.

41. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
Cyberpiracy Under § 43(a) of the Lanham Act (15 U.S.C. § 1125 (d)(1) (A)).

42. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-41 herein.

43. Defendants' actions evidence a bad faith intent to profit from the registration, trafficking, and/or use of the Plaintiff's Trademarks in Internet domain names.

44. Defendants have registered, trafficked in, and/or used trademarks that were famous at the time of registration of the Pirated Domain Name, and was identical or confusingly similar to or dilutive of the Plaintiff's Trademarks.

45. By reason of the foregoing, Plaintiff is entitled to an injunction prohibiting Defendants from registering, trafficking in, or otherwise using the Pirated Domain Name, and transferring those names to Plaintiff.

46. In addition, Plaintiff is entitled to statutory damages in the amount of $100,000 per domain name, other damages, restitution, and their costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

False Designation of Origin Under § 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)).

47.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-46 of this Complaint as if fully set forth herein.

48.     Plaintiff is the owner of U.S. Service Marks, POE and RICHARD POE, U.S. Trademark Registration Numbers 2,707,214 and, 2,707,215.  Plaintiffs, trademarks are famous trademarks. Plaintiff's Trademarks are inherently distinctive and have acquired distinctiveness by reason of extensive and continuous use in commerce.

49.     Plaintiff has extensively and exclusively used Plaintiff's Trademarks in commerce throughout the world in connection with writing for others in the nature of cyber-journalism, books, fiction, magazine and newspaper articles related to business, marketing, politics, culture, history, social commentary, religion and self-improvement.

50.     By reason of the foregoing Plaintiff seeks a finding that defendants' unauthorized registration, use, claim of ownership, and offers for sale of the pirated domain name dilutes the distinctive qualities of and tarnishes the Plaintiff's Trademarks in violation of 15 U.S.C. § 1125 (c) (1).

## FOURTH CLAIM FOR RELIEF

Infringement of Federally Registered Trademark

51.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-50 herein.

52.     Plaintiff's Trademarks are inherently distinctive and have acquired secondary meaning. The public associates Plaintiff's Trademarks exclusively with Plaintiff's products and services. This is a result of Plaintiff's Trademarks' inherent distinctiveness and of distinctiveness acquired through extensive advertising, sales, and use in commerce throughout the world in connection with Plaintiff's services bearing or using Plaintiff's Trademarks.

53.     By Defendants' unauthorized registration, use, claim of ownership, and/or offers for sale

of a domain name that includes Plaintiff's Trademarks, Defendants have, without Plaintiff's consent, used and/or are using in commerce a reproduction, counterfeit copy, or colorable imitation of Plaintiff's Trademarks. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114 (1).

54.     By reason of the foregoing, Plaintiff seeks a finding that by committing the acts alleged herein, Defendants have intentionally, knowingly, and willfully infringed Plaintiff's Trademarks.

55.     Because of Defendants' infringement, Plaintiff has been irreparably harmed in his business. Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from infringing Plaintiff's Trademarks.

56.     Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
New York Injury to Reputation and Dilution
of Trade Name and Service Marks (G.B.L. § 360-l)

57.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Defendant Schiafone's use of the name POE has injured and will, unless enjoined by the Court, continue to cause injury to Plaintiff's valuable business reputation and to dilute the distinctive quality of Plaintiff's name and service marks in violation of § 360-l of the New York General Business Law, each and all of which causes irreparable harm to Plaintiff and Plaintiff's valuable trademark rights.

59.     Defendant Ricks' use of the name POE in connection with the creation, display and advertising of promotional materials of others has injured and will, unless enjoined by the Court, continue to cause injury to Plaintiff's valuable business reputation and to dilute the distinctive quality of Plaintiff's name and service marks in violation of § 360-l of the New York General Business Law, each and all of which causes irreparable harm to Plaintiff and Plaintiff's valuable trademark rights.

60.    Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Common Law Service Mark, Trade Name Infringement and Unfair Competition

61.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.    Defendant Schiafone's use of the trade name POE constitutes unfair competition and each such use is an infringement of Plaintiff's valuable common law trade name and service marks. Defendant's use of the term POE has injured and will, unless enjoined by the Court, continue to cause irreparable damage to Plaintiff's business reputation and to dilute the distinctive quality of the trade name and the valuable service marks of Plaintiff.

63.    Defendant Ricks's use of the trade name POE constitutes unfair competition and each such use is an infringement of Plaintiff's valuable common law trade name and service marks. Defendant's use of the term POE has injured and will, unless enjoined by the Court, continue to cause irreparable damage to Plaintiff's business reputation and to dilute the distinctive quality of the trade name and the valuable service marks of Plaintiff.

64.    Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

WHEREFORE, judgment should be entered in favor of Plaintiff Richard Poe as follows:

a.    on its first claim for relief, that a judgment declaring that Plaintiff Richard Poe has the prior and sole right to use the terms POE and RICHARD POE, any colorable imitations thereof, or any marks confusingly similar thereto; Defendant, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or participation with those who receive actual notice of the injunction, be

-12-

temporarily, preliminarily and permanently enjoined from, without permission from Plaintiff and with respect to all of the claims herein, a judgment declaring that Plaintiff Richard Poe's trademark and other intellectual property rights as described herein are each valid and subsisting and remain in full force and in effect; that each Defendant has been and does now infringe, dilute and otherwise violate the above-referenced marks and other intellectual property rights of Plaintiff; that each Defendant shall be enjoined and otherwise restrained from any future or further violations or infringements of Plaintiff's marks or intellectual property rights; and that each defendant shall pay compensatory, punitive, exemplary or statutory damages to Plaintiff for their unlawful acts;

b.  on its second claim for relief, a judgment finding that Defendants' Blake Schiafone and Greg Ricks have unlawfully registered, trafficked in and/or used trademarks that were famous at the time of registration at the time of registration of the pirated domain name and;

  i.  an order prohibiting Defendants Schiafone and Ricks from transferring to anyone other than to Plaintiff the Pirated Domain Name or any other domain names that use names, words, designations, or other symbols confusingly similar to any of Plaintiff's Trademarks and an order further prohibiting Defendants Schiafone and Ricks from registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the Pirated Domain Name, or any other domain names that use names, words, designations, or other symbols confusingly similar to any of the Plaintiff's Trademarks;

  ii.  an order preventing Defendants from otherwise deceptively or unfairly competing with Plaintiff;

  iii.  that Defendants be ordered to disclose to the Court and to Plaintiff all other domain name registrations owned, registered, or offered for sale by Defendants through NSI or any other domain name registrar in order to permit the Court and Plaintiff to consider whether any such other

registration should be transferred to Plaintiff or be subject to other relief in this matter;

iv.    that Defendant be ordered to transfer to Plaintiff the registrations for the Pirated Domain Names, and any other domain names that use names, words, designations, or other symbols confusingly similar to any of the Plaintiff's Trademarks;

c.    on its fourth claim for relief, a judgment finding that Defendants' Schiafone and Ricks use of the term POE is an infringement of Plaintiff's United States Trademark Registrations, Serial Numbers, 2,707,215 (POE) and 2,707,214 (RICHARD POE);

d.    on its fourth claim for relief, a judgment finding that Defendants' Schiafone and Ricks use of the term POE is likely to cause confusion, to cause mistake, or to deceive as to the origin, affiliation, connection, or association of Plaintiff's services with those of Defendants' or that defendants' use of the term POE in advertising and promotion misrepresents the nature, characteristics, qualities, and the geographic origin of Plaintiff's services;

e.    on its fifth claim for relief, a judgment finding that Defendants' Schiafone and Ricks use of the term POE constitutes unfair competition under New York law;

f.    on its sixth claim for relief, a judgment finding that Defendants' Schiafone and Ricks use of the term POE constitutes trademark, trade name infringement and unfair competition under New York law;

g.    that Plaintiff be awarded damages in an amount to be determined at trial based on Defendant's:

i.    cyberpiracy;

ii.    dilution of the Plaintiff's Trademarks;

-14-

       iii.     false designations of origin, descriptions and representations;

       iv.     infringement of the Plaintiff's registered trademarks;

       v.     injury to reputation and dilution of trade name and service marks under New York law; and

       vi.     common law service mark, trade name infringement and unfair competition under New York law;

h.     that Plaintiff be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. §1117 (a) for the total profits received by Defendant from, and any damages sustained by Plaintiff as a result of Defendant's actions.

i.     that Plaintiff be awarded under 15 U.S.C. §1117 (a) enhanced damages, up to three (3) times the amount found as actual damages for Defendant's trademark infringement and false designations of origin, descriptions and representations, in an amount to be determined at trial.

j.     that Plaintiff be awarded statutory damages in the amount of $100,000 per domain name under the 15 U.S.C. §1117 (d) .

k.     that Plaintiff be awarded punitive damages for Defendant's oppressive, fraudulent, and malicious acts of unfair competition.

l.     that Defendant be ordered to deliver to Plaintiff for destruction any and all labels, signs, prints, packages, wrappers, receptacles, advertising materials, or products that bear marks confusingly similar to Plaintiff's Trademarks; or that result in any unfair competition by Defendant against Plaintiff.

m.     that Defendant be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of their compliance with the requested injunctive and mandatory relief above; and

n.      that Plaintiff be awarded their reasonable attorney fees and costs of suit under 15
        U.S.C. §1117 (a) and 35 U.S.C. § 285; and that Plaintiff be awarded such other
        relief as the Court may deem just and proper.

Dated:  November 12, 2003
        Brooklyn, New York

THE MARTINEZ GROUP PLLC

By:

        Frank J. Martinez  FM-2149
        55 Poplar Street, Suite 1-D
        Brooklyn Heights, New York 11201-6930
        781.797.2341 Telephone
        718.222.0481 Facsimile
        FM@martinezgroup.com

        Attorneys for Plaintiff Richard Poe

-16-